UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAY 2 5 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-364-GWU

THERESA CLAXTON, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Theresa Claxton brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Claxton, a 48 year-old former coat inspector with a high school education, suffered from impairments related to arthritis/fibromyalgia, a history of bronchitis, and hypertension. (Tr. 16, 19). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the plaintiff would be able to return to her past relevant work, she could not be considered totally disabled. (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Claxton could return to her past work as a coat inspector, the ALJ relied heavily upon the testimony of Vocational Expert William Ellis. The hypothetical question presented to Ellis included an exertional restriction to light level work along with such non-exertional limitations as (1) an inability to more than occasionally kneel, stoop, or crawl; (2) an inability to ever

climb ladders, ropes or scaffolds; (3) an inability to ever push and pull with the lower extremities; (4) an inability to ever reach overhead; and (5) a need to avoid exposure to unprotected heights, dangerous or moving machinery, and exposure to environmental pollutants such as dust, smoke, chemicals, fumes, or noxious gases. (Tr. 210). In response, Ellis testified that the Claxton's past coat inspecting work could still be performed.[1] (Tr. 210). The expert later identified a significant number of other jobs which could still be done under the terms of the hypothetical question. (Tr. 211-212). Therefore, assuming that the vocational factors considered by Ellis fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Claxton's condition. Dr. Karen Jennings, an examining source, opined that the plaintiff suffered from "mild to moderate" restrictions concerning her ability to lift, carry, stand, walk, climb, stoop, crouch, kneel, crawl and reach. (Tr. 139). The hypothetical question was essentially consistent with these limitations. The question did not include a restriction concerning standing or crouching. However, the claimant indicated on the Work History Report that she had only been required to stand for approximately ninety minutes a day and she did not indicate that crouching had been required. (Tr. 82). Thus, this job appears compatible with a "mild to moderate" limitation in these areas. The vocational factors were also essentially compatible with the limitations identified by Dr. S. Mukherjee, a non-examining medical reviewer. (Tr. 148-156). Dr. David Swan, another medical reviewer, indicated that Claxton's work activities would not be impaired by her physical

---

[1] The plaintiff's past work as glass inspector could not be done. (Tr. 210).

problems. (Tr. 147). Finally, such treating and examining sources as the staff at the Urgent Care Medical Clinic (Tr. 107-117) and Dr. Betsy Reynolds did not identity the existence of more severe restrictions than those presented to Ellis. Therefore, these reports support the administrative decision.

Dr. Dennis Lane, a treating physician, did note that Claxton was totally and permanently disabled on a disability form. (Tr. 158). The ALJ rejected Dr. Lane's opinion as binding because he did not believe it was supported by sufficient objective medical data. (Tr. 18). This action appears appropriate. After the alleged onset date, Dr. Lane had treated Claxton for joint pain. (Tr. 144, 159). An x-ray of the plaintiff's right hip, taken the day Dr. Lane filled out the "disability" form, showed no sign of bony or soft tissue abnormalities and there were no arthritic changes. (Tr. 159). X-rays of the left shoulder and cervical spine revealed only mild straightening of her normal lordotic curve on her cervical spine. (Tr. 144). Her Sed Rate was normal and RA factor negative. (Tr. 144). Further, Dr. Lane's progress notes refer to the fact that the disability statement came from the belief that the plaintiff was "most likely" disabled. (Tr. 159). Therefore, under these circumstances, the ALJ properly rejected Dr. Lane's opinion.

Claxton argues that the ALJ erred in finding that she could return to her past work as coat inspector. The plaintiff notes that, later in the vocational expert's testimony, he indicated that this work could require exposure to dust and odors which might eliminate all jobs for one who needed to avoid them. (Tr. 210-211). However, the record reveals that Claxton continued her cigarette smoking habit despite her breathing complaints.[2] (Tr. 201). In Mullins v. Secretary of

---

[2]The claimant indicated that she had recently reduced the amount of her smoking but this was apparently motivated by the high cost of cigarettes rather than breath

7

Health and Human Services, 836 F.2d 980 (6th Cir. 1987), the court found that in view of a claimant's continued smoking habit, "it was difficult to invision [sic] a severe and environmental restriction imposed by a pulmonary condition." Mullins, 836 F.2d at 985. Therefore, no environmental restrictions relating to a pulmonary problem were necessary.

Claxton also argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Claxton was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Claxton's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

---

problems. (Tr. 201).

entered simultaneously consistent with this decision.

This the __25__ day of May, 2005.

                                                G. WIX UNTHANK
                                                SENIOR JUDGE